**David Jay HOUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–309–CR.**

Court of Appeals of Texas, Waco.

July 19, 2000.

From the 292nd District Court Dallas County, Gary R. Stephens, Judge.

Dean M. Swanda, Arlington, for appellant.

Bill Hill, Crim. Dist. Atty., Kerry P. Fitzgerald, Asst. Crim. Dist. Atty., Dallas, for appellee.

Before Justice VANCE, Justice GRAY, and Chief Justice McDONALD (Retired).

**ABATEMENT ORDER**

PER CURIAM.

Appellant Houston has appealed his conviction for aggravated sexual assault of a child younger that 14 years of age, for which he was sentenced to 75 years in prison.

Appellant was indicted 31 August 1995 in *Cause No. F9775186* for aggravated assault of a child "by penetration of the sexual organ" of the child. At trial, the Judge stated that the "State has reindicted in *Cause No. F97–02839* and that we will

---

**1.** Tex.R.App. P. 9 (Vernon Pamp.1997, repealed 1997).

**2.** Tex.R.App. P. 369a (Vernon 1985, repealed 1986).

proceed to trial in *Cause No. F97–02839*," which alleged aggravated assault of a child by "*the contact and penetration of the sexual organ of the child.*"

Appellant plead not guilty, but was found guilty by the jury and sentenced to 75 years in prison.

Only the indictment in *Cause No. F9775186* is contained in the clerk's record on appeal.

Appellant asserts the indictment in *Cause No. F97–02839* is lost, and therefore the record fails to reflect the trial court's jurisdiction.

The State thereafter requested the District Clerk to file a Supplemental Record containing "a copy of the reindictment bearing *Cause No. F97–02839.*" The Clerk in response filed the following:

No. F9775186

State of Texas
v.
David Hamilton

In the 292nd
Judicial District Court
Dallas County, Texas

Now comes the District Attorney of Dallas County and asks the Court to dismiss the above entitled and numbered cause for the following reason:

This case was reindicted as Cause No. F97–02839 and was disposed of under that case number.

Wherefore, premises considered, it is respectfully requested that this case be dismissed without prejudice.

/s/ S Hawk
—————————————————
District Attorney, Dallas County

The Clerk did not file a copy of the indictment in *Cause No. F 97–02839.*

Appellant contends that "jurisdiction of the trial court vests only upon the filing of a valid indictment in the trial court," citing *Cook v. State*, 902 S.W.2d 471, 476 (Tex. Crim.App.1995).

We abate the appeal in this case and order the trial court to make a factual determination as to whether the reindictment in *Cause No. F97–02839* was or was not filed in the 292 nd District Court by the District Clerk.

The trial judge should give the State and the appellant appropriate notice, conduct a hearing if he deems same necessary, and make and return his factual determination by Supplemental Clerk's record within 45 days of this order.

The appeal is abated pending receipt of the trial judge's factual determination as to whether the reindictment in *Cause No. F97–02839* was or was not ever filed in the 292 nd District Court.